UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JASON DAY,
      Petitioner,

                                          PRISONER
    v.                          Case No. 3:12cv802 (AWT)

GEORGE MALDANADO, ET AL.
      Respondents.

**RULING AND ORDER**

    The petitioner, Jason Day, is currently confined at Garner Correctional Institution in Newtown, Connecticut. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    He claims to challenge an October 14, 2011 Ruling by United States District Judge Vanessa L. Bryant in *Day v. U.S. Dep't of Justice*, Case No. 3:11cv991(VLB). A review of that ruling reflects that Judge Bryant overruled the plaintiff's objection to the Magistrate Judge's recommended ruling denying his application to proceed *in forma pauperis* pursuant to the three-strikes provision of 28 U.S.C. 1915(g) and approved and adopted the recommended ruling. The court permitted the petitioner until October 28, 2011, to pay the fee. On December 5, 2011, the court dismissed the case because the petitioner failed to pay the filing fee. The case is closed.

    The plaintiff also mentions another case filed in this district, *Day v. Armstrong, et al.*, Case No. 3:95cv1704 (RNC). In that civil rights action, the plaintiff sued prison officials from the Connecticut Department of Correction and prison officials from

the Oklahoma Department of Correction regarding conditions of confinement at the Oklahoma State Penitentiary from November 1992 until December 1993.

On August 14, 1995, the court dismissed the claims in the plaintiff's complaint as to the Connecticut Department of Corrections, the Oklahoma Department of Corrections, John Armstrong and Larry Meachum and the claims for money damages as to the remaining defendants.  On October 18, 1995, the plaintiff filed an amended complaint naming Lynn Milling, the Compact Coordinator for the Connecticut Department of Correction and eleven correctional officials from the Oklahoma Department of Correction as defendants.

On March 31, 1997, Judge Chatigny granted in part and denied in part the defendants' motion to dismiss and ruled that the court lacked personal jurisdiction over Oklahoma defendants Maynard, East, Morgan, Ware, Jiles, Moody, Vogt, Klinger, Saffel and Reynolds and severed and transferred the claims against them to the Eastern District of Oklahoma.  On June 24, 1997, Judge Chatigny ruled that the court lacked personal jurisdiction over defendant Cooley and severed and transferred the claims against him to the Eastern District of Oklahoma.

On September 29, 1998, the court denied defendant Milling's motion for summary judgment as to the deliberate indifference to safety claim, but granted it as to the plaintiff's other claims. On November 9, 1999, the court denied a supplemental motion for summary judgment filed by defendant Milling.

2

A jury trial was held from February 28, 2000 to March 2, 2000, as to the remaining claim against defendant Milling. On March 2, 2000, the jury rendered a verdict for defendant Milling and the Clerk entered judgment accordingly. On March 15, 2000, the court denied the plaintiff's motion to set aside the jury verdict. (*See* Pet. Writ Habeas Corpus at 26-28.) On April 26, 2000, the plaintiff filed a notice of appeal of the judgment. (*See Day v. Armstrong, et al.*, Case No. 3:95cv1704 (RNC) (Docket Entry 134.) On October 11, 2001, the Court of Appeals for the Second Circuit issued a Mandate dismissing the appeal. (*See id.* at Docket Entry 151 and Pet. Writ Habeas Corpus at 30.)

The petitioner complains about pre-trial orders issued by Magistrate Judge Margolis, lack of a fair hearing on the claim decided at trial and the improper denial of his motion for free trial transcripts. He asserts that he has been unable to appeal the trial verdict because the court did not authorize him to receive free copies of the trial transcripts. The petitioner also mentions that he has filed a civil malpractice action in state court against the attorney who represented him before and at trial.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in [state] custody . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, the petitioner is challenging rulings in civil actions filed in this court. In effect, he is attempting to appeal

3

some of the decisions made by the magistrate judge and district judge in these civil actions.  He does not claim that he is in custody in violation of federal laws or the United States Constitution.

Although he has written "Conditions of Confinement" on the first page of the habeas petition, the allegations in the petition do not relate to the conditions at the prison facility where he is confined.  Furthermore, the Supreme Court has held that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to section 1983."  *Nelson v. Campbell*, 541 u.S. 637, 643 92004) (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)).  Accordingly, for all of the reasons set forth above, the petition for writ of habeas corpus is being dismissed.

The court notes that the relief sought by the petitioner could be construed as a request for an order directing Magistrate Judge Margolis to provide him with free copies of the transcripts from the trial held in *Day v. Armstrong, et al.*, Case No. 3:95cv1704 (RNC).  The court, however, will not construe the petition as a writ of mandamus because the petitioner has not met the requirements for the issuance of such a petition.[1]

---

[1] More importantly, the court declines to construe the petition as a petition for writ of mandamus because such a

4

Mandamus is an extraordinary remedy, which absent compelling circumstances, normally should not issue. *See Gulfstream Aerospace Corp. V. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) ("This Court has repeatedly observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations.")  The federal mandamus statute, 28 U.S.C. § 1361, provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Supreme Court has held that the extraordinary remedy of mandamus under 28 U.S.C. § 1361 should only issue when a plaintiff "has exhausted all other avenues of relief and the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)(citations omitted).  The Second Circuit requires three elements to be satisfied before a writ of mandamus may issue: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir. 1972), *cert. denied*, 411 U.S. 918 (1973) (citations omitted).

---

petition requires a filing fee of $400.00.  The petitioner would not be able to proceed *in forma pauperis* with regard to a petition for writ of mandamus because it would constitute a civil action that would be subject to the three-strikes provision of 28 U.S.C. § 1915(g).  So, by construing the habeas petition as a petition for writ of mandamus, the court would be enabling the petitioner to circumvent the three-strikes rule of 28 U.S.C. § 1915(g).

Even if the court were to construe the petition as a writ of mandamus, the petitioner would be unable to meet any of requirements for mandamus relief. First, the plaintiff does not have a right to free transcripts from the trial in his civil rights action. Second, Magistrate Judge Margolis did not and does not owe him a clearly defined nondiscretionary duty to provide him with free trial transcripts. *See* 28 U.S.C. § 753(f)(free transcripts shall be provided to a party permitted to appeal *in forma pauperis* only if the court certifies the issues on appeal are not frivolous, but instead present a substantial question). In the ruling attached to the petition, Magistrate Judge Margolis denied the request for free transcripts because the plaintiff did not present substantial questions to be raised in his appeal. (*See* Pet. Writ Habeas Corpus at 26-29.)

Third, the petitioner has not demonstrated that he has exhausted all other available means by which he may obtain the relief he seeks in the present petition. The Mandate issued by the Second Circuit Court of Appeals on October 11, 2001 dismissed the petitioner's appeal as to all claims against defendants Connecticut Department of Corrections, Oklahoma Department of Corrections, John Armstrong, Larry Meachum, the transfer of all claims against Maynard, East, Morgan, Ware, Jiles, Moody, Vogt, Klinger, Saffel, Reynolds and Cooley to the Eastern District of Oklahoma, and the claims against defendant Milling for denial of medical treatment and denial of petitioner's request to be

transferred to a medium security prison as frivolous. (*See* Pet. Writ Habeas Corpus at 30.) The Mandate dismissed the appeal regarding the trial proceedings and jury verdict in connection with the claim against defendant Milling for deliberate indifference to safety without prejudice to reinstatement if the petitioner could provide the Second Circuit with a trial transcript. (*See id.*) The Mandate further informed the petitioner that he must either pay for a copy of the trial transcripts or file a motion for free trial transcripts with the Second Circuit. (*See id.*)

The petitioner does not indicate that he attempted to file a motion for free trial transcripts with the Second Circuit. Thus, he did not exhaust all of his available remedies. Because the petitioner has failed to demonstrate that he has exhausted all other available remedies and that Magistrate Judge Margolis has a clearly defined nondiscretionary duty to perform the acts requested by the petitioner, any claim by the petitioner for mandamus relief would lack an arguable legal basis. Thus, the court declines to construe the habeas petition as petition for writ of mandamus.

### Conclusion

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is hereby **DISMISSED**. The Motion and Request to Expedite Hearing Access **[Doc. No. 6]** and Motion to Appoint Special Master [**Doc. No. 9**] are hereby **DENIED**. In that motion, the petitioner includes allegations regarding conditions of confinement at Garner Correctional

Institution and his refusal to transition to general population in July 2012.  These allegations concern events that occurred after the filing of the habeas petition and are unrelated to the claims in the petition.

The court concludes that petitioner has not shown that he was denied a constitutionally or federally protected right.  Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

The Clerk is directed to enter judgement and close this case.

It is so ordered.

Dated this 28th day of May 2013, at Hartford, Connecticut.

                                                 /s/AWT
                                      Alvin W. Thompson
                            United States District Judge